RYAN T. BRICKER (State Bar No. 269100)
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: 415 576 0200
Facsimile: 415 576 0300
E-Mail: rbricker@kilpatricktownsend.com

R. CHARLES HENN JR. (pending admission *pro hac vice*)
JENNIFER FAIRBAIRN DEAL (pending admission *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street N.E.
Atlanta, Georgia 30309
Telephone: 404 815 6500
Facsimile: 404 815 6555
E-Mail: chenn@kilpatricktownsend.com
jdeal@kilpatricktownsend.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA, ARIZONA BOARD OF REGENTS FOR AND ON BEHALF OF ARIZONA STATE UNIVERSITY AND THE UNIVERSITY OF ARIZONA, AUBURN UNIVERSITY, BOISE STATE UNIVERSITY, THE UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, CLEMSON UNIVERSITY, THE UNIVERSITY OF DELAWARE, DUKE UNIVERSITY, BOARD OF TRUSTEES OF THE FLORIDA STATE UNIVERSITY, BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA BY AND ON BEHALF OF GEORGIA INSTITUTE OF TECHNOLOGY, THE CORPORATION OF GONZAGA UNIVERSITY D.B.A. GONZAGA UNIVERSITY, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, THE UNIVERSITY OF KANSAS, BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, THE UNIVERSITY OF MONTANA, MONTANA STATE UNIVERSITY, BOARD OF REGENTS OF THE UNIVERSITY OF | Case No. 3:17-cv-2280<br><br>**COMPLAINT FOR:**<br><br>**(1) COUNTERFEITING UNDER 15 U.S.C.§ 1114; (2) DIRECT AND CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114; (3) DIRECT AND CONTRIBUTORY UNFAIR COMPETITION, FALSE REPRESENTATIONS, AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a); (4) DIRECT AND CONTRIBUTORY TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c); (5) TRADEMARK INFRINGEMENT UNDER CAL. BUS. & PROF. CODE § 14245; (6) TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE § 14247; (7) UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*; AND (8) TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**DEMAND FOR JURY TRIAL** |

NEBRASKA, NORTHWESTERN
UNIVERSITY, BOARD OF REGENTS OF
THE UNIVERSITY OF OKLAHOMA,
BOARD OF REGENTS FOR THE
OKLAHOMA AGRICULTURAL AND
MECHANICAL COLLEGES ACTING FOR
AND ON BEHALF OF OKLAHOMA
STATE UNIVERSITY, THE UNIVERSITY
OF TENNESSEE, THE UNIVERSITY OF
UTAH, THE VANDERBILT UNIVERSITY,
and WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS,

              Plaintiffs,

   v.

GEARLAUNCH, INC. and THATCHER
CLAFLIN SPRING,

              Defendants.

Plaintiffs The Regents of the University of California, Board of Trustees of The University of Alabama, Arizona Board of Regents for and on behalf of Arizona State University and the University of Arizona, Auburn University, Boise State University, The University of Central Florida Board of Trustees, Clemson University, the University of Delaware, Duke University, Board of Trustees of The Florida State University, Board of Regents of The University System of Georgia by and on behalf of Georgia Institute of Technology, The Corporation of Gonzaga University d.b.a. Gonzaga University, Board of Trustees of The University of Illinois, The University of Kansas, Board of Trustees of Michigan State University, the University of Montana, Montana State University, the Board of Regents of The University of Nebraska, Northwestern University, Board of Regents of The University of Oklahoma, Board of Regents for the Oklahoma Agricultural and Mechanical Colleges acting for and on behalf of Oklahoma State University, The University of Tennessee, The University of Utah, The Vanderbilt University, and West Virginia University Board of Governors (collectively, the "Universities" or "Plaintiffs") state the following for their Complaint against Defendants GearLaunch, Inc. and Thatcher Claflin Spring:

/ / /

# I. INTRODUCTION

1.     The Universities own some of the most well recognized trademarks in the United States. The Universities' names, logos, mascots, color schemes, designs, symbols, trade dress, and other source-identifying indicia serve as valuable trademarks to the Universities, and their value remains strong due to the Universities' storied histories and reputations, their academic and athletic successes, and their strong alumni networks. Each University has invested heavily in their respective trademarks, many of which are covered by federal and state trademark registrations. Significantly, each University has a successful licensing program that allows students, prospective and future students, parents, staff, alumni, fans, and other members of the public to purchase high-quality apparel (and other products) bearing University trademarks and trade dress.

2.     Defendants GearLaunch, Inc. and Thatcher Claflin Spring (collectively, "Defendants" or "GearLaunch") operate an e-commerce website that serves as "a one-stop shop" for businesses looking to design and sell unlicensed, unauthorized apparel bearing the Universities' trademarks and trade dress. GearLaunch offers an online storefront for its users, provides logistical and marketing support, helps source and print designs on apparel, ships orders to consumers, and processes retail transactions for consumers. In short, GearLaunch knowingly provides a ready-made platform for widespread trademark infringement and counterfeiting, and its infringing and counterfeit products have been offered or are offered for sale on dozens of websites owned or controlled by, or affiliated with, GearLaunch.

3.     Not surprisingly, GearLaunch has been the subject of multiple trademark infringement lawsuits over the past year, including:

- *H-D USA LLC v. GearLaunch Inc., et al.*, Civil Action No. 2:2016-cv-01167 (E.D. Wis. 2016) (alleging infringement of the HARLEY-DAVIDSON marks);

- *Indian Motorcycle Int'l LLC v. GearLaunch Inc., et al.*, Civil Action No. 0:2016-cv-02095 (D. Minn. 2016) (alleging infringement of the INDIAN MOTORCYCLE marks);

/ / /

/ / /

- *Hamilton Uptown LLC v. Sunfrog, LLC, GearLaunch Inc., et al.*, Civil Action No. 1:16-cv-07834 (S.D.N.Y. 2016) (alleging infringement of the HAMILTON marks); and

- *Bravado Int'l Group Merchandising Services Inc. v. GearLaunch Inc., et. al.*, Civil Action No. 2:2016-cv-08657 (C. D. Cal. 2016) (alleging infringement of the marks of various musicians, including the Rolling Stones, Queen, Justin Bieber, and Lady Gaga).

4.     Without permission (much less a written license agreement) from any of the Universities, Defendants have used and have knowingly facilitated use by third parties of substantially indistinguishable and confusingly similar imitations of the Universities' distinctive trademarks and trade dress in the distribution and sale of infringing and counterfeit apparel. Plaintiffs, therefore, bring this action at law and in equity for counterfeiting under Section 32 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114; direct and contributory trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; direct and contributory unfair competition, false representation, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); direct and contributory trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); trademark infringement under CAL. BUS. & PROF. CODE § 14245; trademark dilution under the laws of several states, including the State of California under CAL. BUS. & PROF. CODE § 14247; unfair and deceptive trade practices under the laws of several states, including the State of California under CAL. BUS. & PROF. CODE § 17200, *et seq.*; and trademark infringement and unfair competition in violation of California common law.

## II.     PARTIES

5.     Plaintiff The Regents of the University of California is a corporation organized and existing under the laws of the State of California and having a principal place of business at 1111 Franklin Street, 12th Floor, Oakland, California 94607.

/ / /

/ / /

6.      Plaintiff Board of Trustees of The University of Alabama is a corporation organized and existing under the laws of the State of Alabama and having its principal place of business at 920 Bryant Drive, Gate 1, Box 870339, Tuscaloosa, Alabama 35401.

7.      Plaintiff Arizona Board of Regents for and on behalf of Arizona State University and the University of Arizona is a corporation organized and existing under the laws of the State of Arizona and having its principal place of business at 2020 North Central Avenue, Suite 230, Phoenix, Arizona 85004.

8.      Plaintiff Auburn University is a public body corporate and instrumentality of the State of Alabama having its principal place of business at 105 Samford Hall, Auburn, Alabama 36849.

9.      Plaintiff Boise State University is an Idaho public educational institution having its principal place of business at 1910 University Drive, Boise, Idaho 83725.

10.     Plaintiff The University of Central Florida Board of Trustees is a public body corporate organized and existing under the laws of the State of Florida and having its principal place of business at 4000 Central Florida Boulevard, Orlando, Florida 32816.

11.     Plaintiff Clemson University is a body politic and corporate organized and existing under the laws of the State of South Carolina having its principal place of business in Clemson, South Carolina.

12.     Plaintiff University of Delaware is an institution of higher learning chartered by the State of Delaware and having its principal place of business in Newark, Delaware.

13.     Plaintiff Duke University is a nonprofit corporation organized and existing under the laws of the State of North Carolina and having a principal place of business in Durham, North Carolina.

14.     Plaintiff Board of Trustees of the Florida State University is a public body corporate under the laws of the State of Florida with its principal place of business at 216 Westcott Building, Tallahassee, Florida 32306.

15.     Plaintiff Board of Regents of The University System of Georgia is a constitutional agency in the executive branch of government of the State of Georgia, as set forth in 1983 Ga.

Const. Art. VIII, Sec. IV, Par. I, having its principal place of business at 270 Washington Street S.W., Atlanta, Georgia 30334. The Georgia Institute of Technology is an institution under the purview of the Board of Regents.

16.     Plaintiff The Corporation of Gonzaga University d.b.a. Gonzaga University is a nonprofit corporation organized and existing under the laws of the State of Washington and having a principal place of business at 502 East Boone Avenue, Spokane, Washington 99258.

17.     Plaintiff Board of Trustees of The University of Illinois is a body corporate and politic organized and existing under the laws of the State of Illinois and having a principal place of business at 352 Henry Administration Building, MC-350, 506 South Wright Street, Urbana, Illinois 61801.

18.     Plaintiff The University of Kansas is an institution of higher learning organized and existing under the laws of the State of Kansas and having a principal place of business at Strong Hall, Lawrence, Kansas 66045.

19.     Plaintiff Board of Trustees of Michigan State University is a constitutional body corporate organized and existing under the laws of the State of Michigan and having a principal place of business at 426 Auditorium Road, Room 450, East Lansing, Michigan 48824.

20.     Plaintiff University of Montana is a public university organized and existing under the laws of the State of Montana and having a principal place of business at 32 Campus Drive, Missoula, Montana 59812.

21.     Plaintiff Montana State University is a public university organized and existing under the laws of the State of Montana and having a principal place of business at 211 Montana Hall, Bozeman, Montana 59717.

22.     Plaintiff Board of Regents of the University of Nebraska is a public body corporate organized and existing under the laws of the State of Nebraska and having a principal place of business at 3835 Holdrege Street, Lincoln, Nebraska 68583.

23.     Plaintiff Northwestern University is an educational institution organized and existing under the laws of the State of Illinois and having a principal place of business at 633 Clark Street, Evanston, Illinois 60208.

24.     Plaintiff Board of Regents of The University of Oklahoma is a constitutional state entity of the State of Oklahoma and created according to the Oklahoma state constitution, having its principal place of business at 660 Parrington Oval, Room 321, Norman, Oklahoma 73019.

25.     Plaintiff Board of Regents for the Oklahoma Agricultural and Mechanical Colleges acting for and on behalf of Oklahoma State University is a constitutional state entity of the State of Oklahoma and created according to the Oklahoma state constitution, having its principal place of business at 5th Floor – Student Union, Oklahoma State University, Stillwater, Oklahoma 74708.

26.     Plaintiff University of Tennessee is an instrumentality of the State of Tennessee, having its principal place of business in Knoxville, Tennessee

27.     Plaintiff University of Utah is a non-profit body corporate and politic organized under the laws of the State of Utah and having its principal place of business in Salt Lake City, Utah.

28.     Plaintiff The Vanderbilt University is a not-for-profit corporation organized and existing under the laws of the State of Tennessee and having its principal place of business in Nashville, Tennessee.

29.     Plaintiff West Virginia University Board of Governors is an agency of the State of West Virginia, having its principal place of business in Morgantown, West Virginia.

30.     On information and belief, Defendant GearLaunch is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 234 Front Street, 3rd Floor, San Francisco, California 94111.

31.     On information and belief, Defendant Thatcher Claflin Spring is an individual who is the chief executive officer of GearLaunch, who resides in San Francisco, California, and who knowingly authorized, directed, and/or substantially participated in the infringing activity described in this Complaint.

### III.  JURISDICTION AND VENUE

32.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Plaintiffs' related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

33.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants (a) are located in the State of California; (b) distribute, offer for sale, and sell goods that infringe Plaintiffs' intellectual property within the State of California; (c) regularly transact and conduct business within the State of California; and (d) have otherwise made or established contacts with the State of California sufficient to permit the exercise of personal jurisdiction.

34.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district; venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because, on information and belief, Defendants reside or do business in this district and/or the State of California.

## IV.  FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     The Universities and Their Famous Marks**

35.     For many years, the Universities have used word marks, design marks, logos, mascots, and/or trade dress elements—including color schemes, stylizations, logos, designs and uniform designs, and other indicia—to identify and distinguish their respective goods and services. These protectable indicia, collectively referred to as "Plaintiffs' Marks," and the goodwill of the Universities that Plaintiffs' Marks represent, are extremely valuable.

36.     Representative examples of Plaintiffs' Marks are listed and depicted in **Exhibit 1**, and the Universities own numerous federal and state registrations covering many of Plaintiffs' Marks.

37.     Each of the Universities has a licensing program, pursuant to which third-party businesses (ranging from international sporting goods companies to local mom-and-pop retailers) are granted the right to use certain of Plaintiffs' Marks in connection with the manufacture, distribution, offer for sale, and sale of a wide range of products. These licensing agreements are subject to rigorous quality control and supervision, ensuring that officially licensed products are high-quality products that offer consumers a trustworthy value. Royalties paid by licensees are used by the Universities to support, *inter alia*, academic programs, student scholarships, and athletic programs.

38.     The Universities, through their licensees, have made exclusive use of Plaintiffs' Marks for many years on apparel and other products that have been sold both locally (in the Universities' cities and towns) and around the nation, including in brick-and-mortar stores and on the Internet. Retail sales of officially licensed merchandise by the Universities' licensees collectively are in the tens of millions of dollars annually.

39.     Plaintiffs' Marks have received voluminous unsolicited media coverage attesting to the fame and recognition of Plaintiffs' Marks and their association with the Universities.

40.     As a result of the Universities' extensive and exclusive use, promotion, advertisement, and licensing of Plaintiffs' Marks, and the public's recognition that Plaintiffs' Marks are the primary brand identifiers of the Universities, Plaintiffs' Marks are well known, famous, and possess significant goodwill of great value to the Universities.

**B.      Defendants' Unlawful Activities**

41.     In blatant disregard of the Universities' rights in Plaintiffs' Marks—and without permission or a license from Plaintiffs—Defendants have manufactured, promoted, distributed, offered for sale, and sold goods bearing one or more identical, substantially indistinguishable, or confusingly similar imitations of Plaintiffs' Marks (the "Infringing Goods"). Representative examples of the Infringing Goods are attached as **Exhibit 2**.

42.     Defendant GearLaunch is advertising, marketing, distributing, offering for sale, and/or selling Infringing Goods, and on information and belief, Defendant Spring knowingly authorized, directed, and/or substantially participated in the manufacture, distribution, offer for sale, and/or sale of Infringing Goods.

43.     The Infringing Goods manufactured, distributed, offered for sale, and sold by or at the direction of Defendants have not been licensed, authorized, sponsored, endorsed, or approved by the Universities, and Defendants are not associated, affiliated, or connected with the Universities, or licensed, authorized, sponsored, endorsed, or approved by the Universities.

44.     The Infringing Goods are similar to and compete with goods sold by the Universities' official licensees, and the parties' respective goods are sold through identical and overlapping channels of trade.

45.     Many of the Infringing Goods bear spurious designations that are identical to or indistinguishable from Plaintiffs' Marks that are federally registered and are, therefore, counterfeit.

46.     All of the Infringing Goods bear designs, color schemes, and/or trademarks that are substantially and confusingly similar to one or more of Plaintiffs' Marks.

47.     The Infringing Goods have been offered or are offered for sale and sold on dozens of websites and/or social media sites which, on information and belief, are owned, operated, controlled, or registered by, or otherwise affiliated with, Defendants. Representative examples of such websites are listed in **Exhibit 3**.

48.     Defendants' manufacture, distribution, promotion, offer for sale, and sale of the Infringing Goods and use of identical, substantially indistinguishable, and/or confusingly similar imitations of Plaintiffs' Marks are likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the Infringing Goods are manufactured by, licensed by, authorized by, or approved in some other manner by Plaintiffs, which they are not.

49.     On information and belief, Defendants were very familiar with Plaintiffs' Marks and Plaintiffs' rights in them when Defendants began advertising, marketing, distributing, offering for sale, and/or selling Infringing Goods.

50.     On information and belief, Defendants were aware or should have been aware that the sale of the Infringing Goods would likely cause confusion among consumers and would dilute Plaintiffs' rights in Plaintiffs' Marks. Indeed, on information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used substantially indistinguishable and confusingly similar imitations of Plaintiffs' Marks to mislead and deceive consumers into believing they are put out, authorized, or licensed by Plaintiffs, and to free-ride and otherwise trade on the enormous goodwill and favorable reputations of Plaintiffs embodied in Plaintiffs' Marks.

51.     Defendants have acted in bad faith, with malicious intent, and in knowing disregard of Plaintiffs' rights.

52.     The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of Plaintiffs' Marks is causing irreparable harm to the goodwill symbolized by Plaintiffs' Marks and the reputation for quality that they embody.

53.     The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of Plaintiffs' Marks is particularly damaging with respect to those persons who perceive a defect or lack of quality in the Infringing Goods.

54.     Upon information and belief, by virtue of their unlawful conduct, Defendants have made profits and gains to which they are not entitled in law or equity.

**FIRST CLAIM FOR RELIEF**

**Counterfeiting**

55.     Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

56.     Defendants have used in commerce marks that are identical to, or substantially indistinguishable from, the federally registered Plaintiffs' Marks, in connection with goods falling within the scope of Plaintiffs' federal registrations.

57.     Defendants' actions demonstrate an intentional, willful, and malicious intent to counterfeit the federally registered Plaintiffs' Marks in violation of 15 U.S.C. § 1116(d).

58.     Because Defendants have caused, and are likely to continue causing, substantial injury to the public and to Plaintiffs for which Plaintiffs have no adequate remedy at law, and because this is an exceptional case, Plaintiffs are entitled to statutory damages and reasonable attorneys' fees under 15 U.S.C. § 1117©, as well as seizure of the Infringing Goods under 15 U.S.C. § 1116.

**SECOND CLAIM FOR RELIEF**

**Federal Trademark Infringement**

59.     Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

60.     Defendants have used in commerce marks confusingly similar to the federally registered Plaintiffs' Marks in violation of 15 U.S.C. § 1114.

61.     Defendants' use of confusingly similar imitations of the federally-registered Plaintiffs' Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Goods are manufactured or distributed by Plaintiffs, or are associated or connected with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

62.     Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the federally registered Plaintiffs' Marks, for which Plaintiffs have no adequate remedy at law.

63.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the federally registered Plaintiffs' Marks to Plaintiffs' great and irreparable harm.

64.     Because Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiffs, and because this is an exceptional case, Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## THIRD CLAIM FOR RELIEF

### Contributory Federal Trademark Infringement

65.     Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

66.     Users of Defendants' website are infringing the federally registered Plaintiffs' Marks by advertising, offering for sale, and selling Infringing Goods.

67.     On information and belief, Defendants supply services to users of Defendants' website, and Defendants know or have reason to know that such users are engaged in the advertisement, offer for sale, and sale of Infringing Goods.

68.     On information and belief, Defendants knowingly and materially assist in or contribute to the distribution, advertising, offer for sale, or sale of Infringing Goods, including, among other things, by not removing the Infringing Goods of which they become aware and by

operating and/or authorizing websites through which the Infringing Goods are offered for sale or sold.

69.     Defendants are contributorily liable for the infringing acts of Defendants' users.

70.     Defendants' contributory infringement of the federally registered Plaintiffs' Marks is willful, intended to reap the benefit of the goodwill of Plaintiffs, and violates 15 U.S.C. § 1114.

71.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to their business, reputation, and customer goodwill.

72.     Defendants' conduct is causing, and is likely to continue to cause, injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover their actual damages and/or an award of Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

### Federal Unfair Competition

73.     Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

74.     Defendants' use of Plaintiffs' Marks and confusingly similar imitations of Plaintiffs' Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Goods are manufactured or distributed by Plaintiffs, or are affiliated, connected, or associated with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

75.     Defendants have used false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact in violation of 15 U.S.C. § 1125(a). Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, and, additionally, / / /

injury to Plaintiffs' goodwill and reputation as symbolized by Plaintiffs' Marks, for which Plaintiffs have no adequate remedy at law.

76.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks to the great and irreparable injury of Plaintiffs.

77.    Because Defendants have caused, and are likely to continue causing, substantial injury to the public and to Plaintiffs, and because this is an exceptional case, Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FIFTH CLAIM FOR RELIEF

### Contributory Federal Unfair Competition

78.    Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

79.    On information and belief, Defendants and Defendants' users are competing unfairly with Plaintiffs.

80.    Upon information and belief, Defendants supply their services to Defendants' users, who Defendants know or have reason to know are engaged in the distribution and sale of Infringing Goods, and Defendants have continued to supply their services despite this knowledge.

81.    Upon information and belief, Defendants knowingly and materially assist in or contribute to sales made of the Infringing Goods, including by not removing Infringing Goods of which they become aware.

82.    Defendants are contributorily liable for the acts of Defendants' users.

83.    Defendants' contributory unfair competition, false representations, and false designations of origin are willful, intended to reap the benefit of the goodwill of Plaintiffs, and violate 15 U.S.C. § 1125(a).

84.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered, and will continue to suffer unless and until such activity is enjoined by this Court,

/ / /

1    irreparable damage and inherently unquantifiable injury and harm to their business, reputation, and

2    customer goodwill.

3          85.    Defendants' conduct is causing, and is likely to continue to cause, injury to the

4    public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover their actual

5    damages and/or an award of Defendants' profits, costs, and reasonable attorneys' fees under 15

6    U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to

7    15 U.S.C. § 1117(a).

8                           **SIXTH CLAIM FOR RELIEF**

9                           **State Trademark Infringement**

10         86.    Plaintiffs repeat and incorporate by reference the allegations in the preceding

11   paragraphs.

12         87.    Defendants have used, without the consent of Plaintiffs, marks that are colorable

13   imitations of Plaintiffs' Marks that are registered with the State of California in violation of CAL.

14   BUS. & PROF. CODE § 14245(a)(1).

15         88.    Defendants' use of colorable imitations of Plaintiffs' Marks that are registered with

16   the State of California is in connection with the sale, distribution, offering for sale, and advertising

17   of goods and services on or in connection with which Defendants' use is likely to cause confusion

18   or mistake, or to deceive as to the source of origin of the goods or services.

19         89.    Defendants have, without the consent of Plaintiffs, knowingly facilitated, enabled,

20   and otherwise assisted persons to manufacture, use, distribute, display, or sell goods and services

21   bearing reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' Marks that are

22   registered with the State of California in violation of CAL. BUS. & PROF. CODE § 14245(a)(3).

23         90.    Defendants' activities have caused and, unless enjoined by this Court, will continue

24   to cause a likelihood of confusion and deception among members of the trade and public, and,

25   additionally, injury to Plaintiffs' goodwill and reputation as symbolized by Plaintiffs' Marks that

26   are registered with the State of California, for which Plaintiffs have no adequate remedy at law.

27   / / /

28   / / /

91.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks that are registered with the State of California to Plaintiffs' great and irreparable harm.

92.     Because Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiffs, and because Defendants did so knowingly and in bad faith, Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under CAL. BUS. & PROF. CODE § 14250(a).

## SEVENTH CLAIM FOR RELIEF

### State Trademark Dilution

93.     Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

94.     For many years, Plaintiffs have exclusively and continuously promoted and used Plaintiffs' Marks throughout the United States, including the State of California. These marks thus became famous and well-known symbols of Plaintiffs in the United States and each state therein, including the State of California, well before Defendants offered the Infringing Goods for sale.

95.     Defendants are making use in commerce of marks that dilute and are likely to dilute the distinctiveness of Plaintiffs' Marks by eroding the public's exclusive identification of Plaintiffs' Marks with Plaintiffs, tarnishing and degrading the positive associations and prestigious connotations of Plaintiffs' Marks, and otherwise lessening the capacity of Plaintiffs' Marks to identify and distinguish Plaintiffs' goods.

96.     Defendants are causing and will continue to cause irreparable injury to Plaintiffs' goodwill and business reputations and dilution of the distinctiveness and value of Plaintiffs' famous and distinctive marks in violation of the California anti-dilution statute, CAL. BUS. & PROF. CODE § 14247, as well as the antidilution laws of several states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE

ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Oregon, O.R.S. § 647.107 (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009) Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).

97.     Because Defendants have caused, and are likely to continue causing, irreparable injury to Plaintiffs' goodwill and business reputation and dilution of the distinctiveness and value of Plaintiffs' Marks, and because Defendants willfully intended to trade on Plaintiffs' reputation and to cause dilution of Plaintiffs' Marks, Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, and, if appropriate, costs and reasonable attorneys' fees.

/ / /

/ / /

/ / /

**EIGHTH CLAIM FOR RELIEF**

**State Law Unfair and Deceptive Trade Practices**

98.     Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

99.     Defendants have been and are passing off their goods as those of Plaintiffs, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Plaintiffs, and otherwise damaging the public.

100.     Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Michigan, MICH. COMP. LAWS ANN. § 445.901 *et seq.* (West 2016); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

101.     Because Defendants willfully have caused, and are likely to continue causing, irreparable injury to the public and to Plaintiffs, Plaintiffs are entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

**NINTH CLAIM FOR RELIEF**

**Common Law Trademark Infringement and Unfair Competition**

102.     Plaintiffs repeat and incorporate by reference the allegations in the preceding paragraphs.

103.     Defendants' acts as described in the preceding paragraphs constitute common law trademark infringement and unfair competition and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiffs. Plaintiffs have no adequate remedy at law for this injury.

104.     On information and belief, Defendants acted with full knowledge of Plaintiffs' use of, and statutory and common law rights to, Plaintiffs' Marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

105.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Marks to the great and irreparable injury of Plaintiffs.

106.     Because of Defendants' acts, Plaintiffs have been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiffs are entitled to injunctive relief, an order for seizure and impoundment, an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberately fraudulent and malicious use of Plaintiffs' Marks and confusingly similar imitations of Plaintiffs' Marks, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiffs additionally are entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request a permanent injunction, an order for seizure, impoundment, damages, Defendants' profits, costs, attorneys' fees, and any other appropriate relief, as follows:

1.     That Defendants, and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be permanently enjoined from:

      a.     manufacturing, distributing, advertising, marketing, offering for sale, or selling the Infringing Goods or any other similar goods;

      b.     using Plaintiffs' Marks or any other copy, reproduction, colorable imitation, or simulation of Plaintiffs' Marks on or in connection with goods;

c.   using any trademark, name, logo, design, or source designation of any kind on or in connection with goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to Plaintiffs' trademarks, trade dresses, names, or logos;

d.   using any trademark, name, logo, design, or source designation of any kind on or in connection with goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiffs, or are sponsored or authorized by Plaintiffs, or are in any way connected or related to Plaintiffs;

e.   using any trademark, name, logo, design, or source designation of any kind on or in connection with goods that dilutes or is likely to dilute the distinctiveness of Plaintiffs' Marks;

f.   passing off, palming off, or assisting in passing off or palming off goods as those of Plaintiffs, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

g.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs a–f above.

2.   That Defendants be ordered to cease offering for sale, marketing, promoting, and selling, and to recall all products sold under or bearing Plaintiffs' Marks, or any identical, substantially indistinguishable, or confusingly similar imitations of Plaintiffs' Marks, that are in Defendants' possession or have been shipped by Defendants or under their authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to injunctive relief against Defendants;

3.   That Defendants be ordered to deliver up for impoundment and for destruction, all clothing, apparel, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery, or other materials in the possession, custody, or under

the control of Defendants that are found to adopt, infringe, or dilute any of Plaintiffs' Marks or that otherwise unfairly compete with Plaintiffs and their products;

4.      That Defendants be compelled to account to Plaintiffs for any and all profits derived by Defendants from the sale or distribution of the Infringing Goods;

5.      That Plaintiffs be awarded all damages caused by the acts forming the basis of this Complaint;

6.      That based on Defendants' knowing, willful, and intentional use of identical, substantially indistinguishable, or confusingly similar imitations of Plaintiffs' Marks, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a) and CAL BUS. & PROF. CODE § 14250(a);

7.      That Defendants be required to pay to Plaintiffs the costs and reasonable attorneys' fees incurred by Plaintiffs in this action pursuant to 15 U.S.C. § 1117(a);

8.      That Plaintiffs be awarded statutory damages under 15 U.S.C. § 1117(c) for each transaction carried out by Defendants under marks found to be counterfeit marks within the meaning of 15 U.S.C. § 1116(d).

9.      That based on Defendants' willful and deliberate infringement and/or dilution of Plaintiffs' Marks, and to deter such conduct in the future, Plaintiffs be awarded punitive damages;

10.     That Plaintiffs be awarded prejudgment and post-judgment interest on all monetary awards; and

11.     That Plaintiffs have such other and further relief as the Court may deem just.

### JURY TRIAL DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable.

DATED:  April 24, 2017                    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:        _/s/ Ryan T. Bricker_
                Ryan T. Bricker

Attorneys for Plaintiffs